UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>    Plaintiff,<br><br>         v.<br><br>BUD RAY BROWN,<br>    Defendant. | NO. 2:16-CR-00019-JLQ<br><br>ORDER RE: PRETRIAL CONFERENCE AND DENYING MOTION TO DISMISS |

A pretrial conference was held on April 1, 2016. Defendant was present, in custody, and represented by appointed counsel Bryan Whitaker. Assistant United States Attorney Jared Kimball appeared for the Government.

Before the court was Defendant's Motion to Dismiss (ECF No. 24) the Indictment charging the Defendant with Attempt To Escape and the Government's Motion in Limine (ECF No. 25). The court heard argument from counsel on the Motion to Dismiss and issued its oral ruling denying the Motion. The court denied the Motion in Limine. Defendant then entered a plea of guilty to the pending charge. This Order memorializes and supplements the court's oral ruling on the Motions.

**I. Introduction and Background**

The Criminal Complaint in this matter was filed on January 27, 2016, and Defendant was indicted by the grand jury on February 2, 2016. The Indictment charges on or about August 19, 2015, Defendant attempted to escape from the Spokane County jail in violation of 18 U.S.C. § 751. Defendant was previously convicted in the Eastern District of Washington case number 13-CR-00010, and sentenced by Judge Suko to a prison term of 180-months on July 12, 2013. He was designated to a Bureau of Prisons

ORDER - 1

("BOP") facility to serve the federal sentence.  Subsequently, he was transported from the federal institution to the Spokane County jail pursuant to a *writ of habeas corpus ad prosequendum* issued by the Spokane County Superior Court on a murder charge.

**II. Defendant's Motion to Dismiss**

Defendant raises two arguments in support of dismissal: 1) vindictive prosecution, and 2) he was not in federal custody at the time of the alleged escape attempt.  Both arguments lack merit.

**A.  Vindictive Prosecution**

Defendant contends shortly after the August 20, 2015 incident at Spokane County Jail where a rope was observed hanging from his cell window, he "was concerned the state would file charges against him for escape." (ECF No. 24, p. 3).  Therefore, "contact was made with the United States Attorney's office to gauge whether these events might draw their attention" to the Defendant and allegedly the response was "to the negative". (*Id*.). Thereafter, a letter Mr. Brown had written taking responsibility for the escape attempt was produced in evidence in the federal trial of another individual, Henrikson.  The Criminal Complaint herein against Brown was filed on January 27, 2016.  Defendant argues a presumption of vindictiveness arises because this matter was not charged until five months after the alleged escape attempt, and after the evidence came to light in the Henrikson trial. This contention was not advanced at oral argument.

A prosecutor violates due process when he seeks additional charges solely to punish a defendant for exercising a constitutional or statutory right. *United States v. Kent*, 649 F.3d 906, 912 (9th Cir. 2011).  A defendant may establish vindictive prosecution "(1) by producing direct evidence of the prosecutor's punitive motivation, or (2) by showing that the circumstances establish a reasonable likelihood of vindictiveness" thus giving rise to a presumption that the Government must in turn rebut." *Id*. at 912-13.  Defendant has failed to make a showing in either regard.

ORDER - 2

Defendant's claim is in essence that he thought he would not be charged, but after new evidence came to light in the Henrikson trial, he was charged. As stated by the Ninth Circuit Court of Appeals, "the Supreme Court has urged deference to pretrial charging decisions" because "in the course of preparing a case for trial, the prosecutor may uncover additional information that suggests a basis for further prosecution or he simply may come to realize that information possessed by the State has a broader significance." *Id*. at 913. As stated in the Government's Response (ECF No. 26) this is not a situation where a charge has been filed and then amended to increase the severity. Defendant has produced no direct evidence of the Government's punitive motivation, nor made a showing of circumstances that establish a reasonable likelihood of vindictiveness.

### B. Federal Custody

Defendant claims he was not in federal custody because he was at Spokane County Jail pursuant to a writ of habeas corpus ad prosequendum and was awaiting trial on state charges. Defendant's argument ignores the fact he is currently serving a 15-year sentence on a federal judgment. Defendant did not cite any case law in support of his argument. An abundance of authority rebuts his contention.

Defendant is charged with a violation of 18 U.S.C. § 751(a), which provides in relevant part:

> Whoever escapes or attempts to escape from the custody of the Attorney General or his authorized representative, or from any institution or facility in which he is confined by direction of the Attorney General, or from any custody under or by virtue of any process issued under the laws of the United States by any court, judge, or magistrate judge, or from the custody of an officer or employee of the United States pursuant to lawful arrest, shall, if the custody or confinement is by virtue of an arrest on a charge of felony, or conviction of any offense, be fined under this title or imprisoned ...

Defendant was clearly in federal custody as he was serving a 15-year sentence imposed in 2013. That he was temporarily in a county jail pursuant to a writ of habeas corpus ad prosequendum does not preclude the instant charge. In *United States v. Hobson*, 519 F.2d

ORDER - 3

765, 771 (9th Cir. 1975) the court stated: "We hold that escape from an institution designated by the Attorney General, pursuant to a commitment to his custody, under a federal sentence, is an escape from 'the custody of the Attorney General' in the legal sense, even though the institution is run by the State."

Other courts have addressed the exact situation presented here, where an individual is at a federal prison and then transferred to a state facility pursuant to a writ, and have found the individual remains in federal custody for the purposes of 18 U.S.C. § 751. In *United States v. Evans*, 159 F.3d 908 (4th Cir. 1998) the court found a state writ of habeas corpus ad prosequendum does not effect a transfer of custody for purposes of § 751(a). In *Evans*, the defendant was transferred to state custody pursuant to a writ. While in state custody, he had a seizure and was transferred to a hospital, from which he escaped. The court rejected defendant's argument that he was not in federal custody: "we have no doubt that Evans, at the time he escaped from the United Hospital Center, was in the custody of the Attorney General ... as the term 'custody' is used in § 751(a)." *Id*. at 913.

The term "custody" in § 751 "does not require direct physical restraint" and may be "minimal" and even "constructive". *United States v. Depew*, 977 F.2d 1412, 1414 (10th Cir. 1992). Defendant Brown was in custody pursuant to his federal 2013 conviction and sentence. See *United States v. Gowdy*, 628 F.3d 1265 (2010)("we hold that the custodial requirement of § 751(a) is satisfied where a lawful judgment of conviction has been issued by a court against the defendant."). The fact Defendant was at a state facility pursuant to a state writ of habeas corpus ad prosequendum at the time of the alleged escape does not preclude the instant charge. See also *United States v. Maday*, 799 F.3d 776, 777 (7th Cir. 2015)("we note the state had custody of him at the time of his escape only by virtue of a writ of habeas corpus ad prosequendum ... There was thus enough federal interest in his continuing in custody even though the actual custodians from whom he escaped were state employees").

ORDER - 4

Lastly, Defendant argued in support of his Motion that he was not receiving credit towards his federal sentence while he was in Spokane County jail. Defendant cited to a Bureau of Prisons ("BOP") Policy Manual for the definition of "official detention". (ECF No. 24, p. 4). Defendant cited no case law or statutory authority to support the argument that if he was not receiving credit/good time credit towards his federal sentence, that he was not in "custody" within the meaning of 18 U.S.C. § 751. The Government took the position at oral argument that Defendant was receiving credit towards his federal sentence while at the Spokane County jail. The court has been informed by the Probation Office for this District the Defendant is receiving and has received credit towards his federal sentence in 13-CR-0010 while in the Spokane County Jail pursuant to the writ.

### III. Conclusion

The Defendant has made no showing of prosecution activity sufficient to create a presumption of vindictiveness and shift the burden to the Government. The Defendant was serving a 15-year federal sentence at the time of the alleged escape. Therefore, although he was in temporary physical state custody, he remained in federal custody within the meaning of § 751.

**IT IS HEREBY ORDERED:**

1. Defendant's Motion to Dismiss (ECF No. 24) is **DENIED**.

2. The Government's Motion in Limine (ECF No. 25) is **DENIED AS MOOT**.

**IT IS SO ORDERED**. The Clerk is hereby directed to enter this Order and furnish copies to counsel.

**DATED** this 4th day of April, 2016.

s/ Justin L. Quackenbush
JUSTIN L. QUACKENBUSH
SENIOR UNITED STATES DISTRICT JUDGE